AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts ☑

| | |
|---|---|
| Brent S., et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:17-cv-11569-ADB |
| Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc., et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Custodian of Records for Denials Management, Inc.,
4424 South 700 East, Suite 100, Salt Lake City, UT 84107

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: | First Legal Records c/o ICU Investigations<br>2223 S. Highland Dr., #E6-195, Salt Lake City, UT 84106<br>Or electronically to: lisa.weddle@morganlewis.com and<br>emily.calmeyer@morganlewis.com | Date and Time:<br>May 14, 2021 at 10:00 a.m. |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 22, 2021

CLERK OF COURT

OR

_____          /s/ Lisa Weddle
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants**
Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc., et al., who issues or requests this subpoena, are:
Lisa Weddle, Morgan Lewis & Bockius LLP, 300 S. Grand Ave., 22nd Floor, Los Angeles, CA 90071
lisa.weddle@morganlewis.com, 213-612-2500

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
 **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT 1

## **DEFINITIONS**

The following definitions apply to these requests for production:

1. The term "Adolescent(s)" means persons under 19 years of age.

2. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. The term "*Brent S.* Litigation" means the action filed in the United States District Court for the District of Massachusetts titled *Brent S. et al. v. Blue Cross and Blue Shield of Massachusetts, Inc.*, Civil Action No. 1:17-cv-11569-ADB.

4. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5. The terms "Defendants" refers to Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc. and/or Blue Cross and Blue Shield of Massachusetts, Inc., and any and all of their parents, subsidiaries, affiliates, joint ventures, predecessors and successors, as well as their directors, officers, employees, past or present agents, representatives or other persons acting, or purporting to act, on their behalf.

6. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

7. The terms "Facility" and "Facilities" means the following facilities or providers: Ashcreek Ranch Academy; Asheville Academy for Girls; Volunteers of America Bar-None; Cedar Ridge Inc.; Change Academy at Lake of the Ozarks; Children's Home of Reading; Chrysalis School; Crossroads Academy; Discovery Ranch; Elevations RTC; Equinox RTC; Gateway Academy LLC Draper; Ironwood Maine LLC/Ironwood School and Residential Treatment Center; Kids Behavioral Health of Montana; La Europa Academy; Liahona Academy; Logan River Academy; Maple Lake Academy for Boys; Moon Ridge Academy; New Hope Carolinas; Solacium Fulshear LLC; Soltice East LLC; Summit Achievement of Stow; Sunrise Residential Treatment Center; Teen Challenge Ranch of Northwest; Telos Residential Treatment LLC; The High Frontier Inc.; UT-TEX. Inc.; Uinta Academy; Vista at Dimple Dell Canyon; and Willowglen Academy.

8. The terms "person" and "persons" means and includes, without limiting the generality of its meaning, any natural or individual person, corporation, proprietorship, joint venture, business trust or other business enterprise or entity, firm, partnership, association, governmental body, agency or subdivision, committee, commission, or other organization or

entity.

9. The term "relating to" and "regarding" means concerning, describing, referring to, constituting, embodying, reflecting, identifying, stating, evidencing, substantiating and/or being in any way relevant to a given subject.

10. The terms "you," "your," and "Denials Management" means Denials Management, Inc. and any and all parents, subsidiaries, affiliates, joint ventures, predecessors and successors, as well as its directors, officers, employees, past or present agents, representatives or other persons acting, or purporting to act, on its behalf. It does not include your attorneys.

11. The use of the singular form of any word includes the plural and vice versa.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents or communications you had with any parent or guardian regarding whether or not an Adolescent's stay at any of the Facilities would be covered as residential treatment by Defendants.

### REQUEST FOR PRODUCTION NO. 2:

All documents or communications regarding the *Brent S.* Litigation.

### REQUEST FOR PRODUCTION NO. 3:

All documents or communications relating to Defendants' denial(s) of benefits for residential services related to an Adolescent's stay at any of the Facilities.

### REQUEST FOR PRODUCTION NO. 4:

All documents or communications regarding any fees you received or will receive relating to the *Brent S. Litigation* and/or the stay of an Adolescent, who has insurance through or administered by Defendants, at any of the Facilities.

### REQUEST FOR PRODUCTION NO. 5:

Your contracts or agreements with any of the Facilities.

### REQUEST FOR PRODUCTION NO. 6:

Your contracts or agreements with anyone, including any named plaintiff in the *Brent S.* Litigation, concerning requests for coverage of residential services for an Adolescent's stay at any of the Facilities.

**REQUEST FOR PRODUCTION NO. 7:**

Your contracts or agreements with anyone, including any named plaintiff in the *Brent S.* Litigation, concerning the *Brent S.* Litigation.

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to contracts or agreements between you and any counsel involved in the *Brent S.* Litigation, including Brian S. King, Esq., representatives of Brian S. King, or the entity Brian S. King, P.C.; Sean K. Collins, representatives of Sean K. Collins, or the Law Offices of Sean K. Collins; Jonathan M. Feigenbaum, representatives of Jonathan M. Feigenbaum, or the Law Offices of Jonathan M. Feigenbaum; Ex Kano S. Sams II, representatives of Ex Kano S. Sams II, or Glancy, Prongay & Murray LLP; and Mala M. Rafik; representatives of Mala M. Rafik, or the entity Rosenfeld & Rafik, P.C.

**REQUEST FOR PRODUCTION NO. 9:**

All documents or communications between you and anyone from AO Therapeutic Consulting, Inc. (formerly known as Academic Options, Inc.), or any other academic or educational consulting and/or placement company or organization, regarding placement of an Adolescent at any of the Facilities.